UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREAVOR THOMAS HAMMONS,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 2:21-cv-12933

HONORABLE STEPHEN J. MURPHY, III

/

**OPINION AND ORDER
OVERRULING PLAINTIFF'S OBJECTION [19],
ADOPTING REPORT AND RECOMMENDATION [18],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15]**

The Commissioner of the Social Security Administration (SSA) denied Plaintiff Treavor Thomas Hammons's application for supplemental security income and disability insurance benefits in a decision issued by an Administrative Law Judge (ALJ). ECF 9-2, PgID 55–67. After the SSA Appeals Council declined to review the ruling, *id.* at 74–76, Plaintiff appealed, ECF 1. The Court referred the matter to Magistrate Judge Curtis Ivy, Jr. ECF 3. Both Plaintiff and the SSA moved for summary judgment. ECF 14; 15. The magistrate judge issued a report and recommendation (Report) that suggested the Court deny Plaintiff's motion and grant the SSA's motion. ECF 18. Plaintiff timely objected to the Report, and the SSA replied. ECF 19; 21. After examining the record and considering Plaintiff's objection de novo, the Court finds that his arguments lack merit. The Court will therefore

1

overrule the objection, adopt the findings in the Report, deny Plaintiff's motion for summary judgment, and grant the motion for summary judgment by the SSA.

## BACKGROUND

The Report properly detailed the events leading to the present action against the SSA. ECF 18, PgID 1560–62. And no party objected to the background portion of the Report. *See* ECF 19. The Court will therefore adopt that portion of the Report.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. The Court's standard of review depends on whether a party objects. The Court need not review any portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Individuals who receive an adverse final decision from the SSA may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the [SSA's] conclusions absent a determination that the [SSA] has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence consists of

"more than a scintilla of evidence but less than a preponderance" so that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Loral Def. Sys.-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

## DISCUSSION

Plaintiff lodged one objection against the Report. Plaintiff claimed that the Report should not be adopted because "the Magistrate Judge's finding that the ALJ did not err in only adopting some recommendations from an opinion she afforded 'significant weight' requires this Court to ignore the ALJ's language and make its own assessment on the value of this opinion." ECF 19, PgID 1579; *see* ECF 18, PgID 1573–76 (challenged portion of Report). Specifically, Plaintiff objected to the ALJ's evaluation of Doctors Kristi DiGioia and Thomas Rosenbaum, both of whom are "vocational psychologists." ECF 9-2, PgID 65; ECF 19, PgID 1579. The ALJ gave "significant weight" to their assessment that Plaintiff "had some memory and processing deficits, such that the claimant requires both written and verbal instructions, a set routine with few changes in his schedule, and clear and concise directions." ECF 9-2, PgID 65. Based on that assessment, the ALJ found that Plaintiff

3

would "be limited to only simple, routine tasks with no production rate pace, few workplace changes, simple work related decisions, and jobs which can be learned by short demonstration." *Id.* The ALJ did not, however, incorporate all of Doctors DiGioia and Rosenbaum's recommendations. *Compare id.*, *with* ECF 9-7, PgID 999 (recommended accommodations). And the ALJ failed to explain why she did not incorporate all the doctors' recommendations into the residual functional capacity finding. *See* ECF 9-2, PgID 65. But the ALJ did not err.

Put simply, the ALJ did not need to explain why she chose to incorporate only some of the doctors' recommendations because the recommendations opined on an optimal work environment from which Plaintiff "may benefit," rather than a work environment that reflects "the most [a claimant] can still do despite [his] limitations." ECF 9-7, PgID 999; 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The difference is significant. For purposes of social security benefits, the question of an individual's residual functional capacity centers on the conditions *necessary* for the individual to complete work despite his limitations. *See* §§ 404.1545(a)(1), 416.945(a)(1); *Herndon v. Comm'r of Soc. Sec.*, No. 1:20-CV-00885, 2021 WL 811660, at *21 (N.D. Ohio Mar. 3, 2021) ("Either the claimant requires the accommodation or []he does not."). The question of a claimant's optimal functioning is outside the scope of the residual functional capacity analysis. *Herndon*, 2021 WL 811660, at *21. Indeed, "[o]ptimal conditions [] are not necessary ones." *Horinek v. Saul*, No. 1:19-cv-2141, 2020 WL 4340987, at *9 (N.D. Ohio Jul. 7, 2020) (collecting cases), *report and recommendation adopted by* 2020 WL 4339327 (Jul. 28, 2020). Thus, when she completed the residual

4

functional capacity analysis, the ALJ was not required to address all of the factors that might have described an optimal work environment for Plaintiff.

Nor did the ALJ commit a legal error when she characterized the doctors' recommendations about what Plaintiff "may benefit" from as a "require[ment]." ECF 9-2, PgID 65; ECF 9-7, PgID 999. For one, and as explained above, the ALJ did not need to adopt or incorporate *any* recommendation as to what conditions may have been optimal for Plaintiff. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Thus, the ALJ did not need to explain why she declined to adopt unnecessary recommendations. *See Loral Def. Sys.-Akron*, 200 F.3d at 453 ("An ALJ can consider all the evidence without directly addressing in [her] written decision every piece of evidence submitted by a party.") (quotation omitted). For another, the characterization by the ALJ of some recommendations as requirements *favored* Plaintiff. Since the recommendations were based on optimal environmental factors instead of necessary factors, the ALJ's incorporation of even one recommendation arguably resulted in a more lenient residual functional capacity finding. All told, the ALJ committed no legal error by adopting certain recommendations about Plaintiff's "[m]emory and processing deficits" and declining to adopt other recommendations.

Last, Plaintiff argued that the Magistrate Judge's analysis, which is similar in kind to the Court's analysis, gave an impermissible "post hoc rationale excusing the ALJ's failure." ECF 19, PgID 1582. But the argument is unavailing because it ignores the standard of review the Court must employ when reviewing the findings of an ALJ. When it reviews an ALJ's decision, the Court must affirm if the ALJ applied the

5

correct legal standards and made findings of fact that were supported by "substantial evidence in the record." *Walters*, 127 F.3d at 528 (citations omitted). And evidence is "substantial" if "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286 (citation omitted). Thus, the Court must necessarily analyze the ALJ's decision, both "post hoc" and based on the evidence, to determine whether the decision is supported by substantial evidence. In short, the ALJ did not err in her review of the recommendations by Doctors DiGioia and Rosenbaum in her residual functional capacity analysis.

## CONCLUSION

The Court has carefully reviewed the summary judgment motions, the Report, and Plaintiff's objection. For the reasons stated above, the Court finds the objection unconvincing and agrees with the recommendation of the Report to grant the motion for summary judgment of the SSA and to deny the motion for summary judgment of Plaintiff.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's objection to the Report [19] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [18] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [14] is **DENIED**.

...

**IT IS FURTHER ORDERED** that the SSA's motion for summary judgment [15] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 28, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 28, 2023, by electronic and/or ordinary mail.

s/ L. Hosking on behalf of David P. Parker
Case Manager